IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| PAULA BOYD, ) | |
| ) | Civil Action No. 4:24-cv-00282 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| PAYNE THEOLOGICAL SEMINARY OF ) | |
| WILBERFORCE, OHIO AND AFRICAN ) | |
| METHODIST EPISCOPAL CHURCH, INC., ) | |
| ) | |
| Defendants. | |

**COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff Paula Boyd ("Plaintiff" or "Ms. Boyd"), through counsel, and files this lawsuit against Defendants Payne Theological Seminary of Wilberforce, Ohio ("Defendant Payne") and African Methodist Episcopal Church, Inc. ("Defendant AME"), and for her Complaint shows the following:

**JURISDICTION AND VENUE**

1.

This court has jurisdiction, including supplemental jurisdiction, over Plaintiff's claims.

2.

On December 28, 2023, Plaintiff filed charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") on the basis of race, sex (sexual harassment), Equal Pay Act violations, national origin, and retaliation against both Defendant Payne (Charge No. 1) and Defendant AME (Charge No. 2). On September 25, 2024, the EEOC notified Plaintiff

of her right to institute this action by issuance of a "Notice of Right to Sue" in Charge No. 1 (see attached Exhibit "1") and Charge No. 2 (see attached Exhibit "2").

3.

Plaintiff has complied with all administrative prerequisites under Title VII.

4.

Venue is proper within this District because the unlawful practices complained of herein occurred within the Southern District of Georgia. Accordingly, venue lies in the United States District Court for the Southern District of Georgia under *28 U.S.C. § 1391(b)*.

**PARTIES**

5.

Ms. Boyd is a Hispanic race female whose national origin is Colombian and at all times relevant to this matter was jointly employed by Defendants Payne and AME. Ms. Boyd submits herself to the jurisdiction of this court.

6.

Defendant Payne is a foreign corporation for non-profit in Ohio and is not registered with the Georgia Secretary of State to conduct business in Georgia.

7.

Defendant Payne is a historically Black seminary school with an office location in Savannah, Georgia where Plaintiff worked.

8.

Defendant Payne at all times material hereto has conducted business within this district and is an employer within the meaning of Title VII, 42 U.S.C. § 2000e(b).

9.

Defendant AME is a foreign non-profit corporation organized under Pennsylvania law with its principal place of business in Tennessee and is not registered with the Georgia Secretary of State to conduct business in Georgia.

10.

Upon information and belief based primarily on Defendant Payne's representations to the Georgia Department of Labor in Plaintiff's claim for unemployment benefits, Defendant Payne is owned and operated by Defendant AME and is principally supported by Defendant AME.

11.

Defendant AME at all times material hereto has conducted business within this district and is an employer within the meaning of Title VII, 42 U.S.C. § 2000e(b). At all relevant times, Defendant AME has directed, operated, and controlled Defendant Payne.

12.

Defendant Payne may be served with process through its Registered Agent, Alan J. Costner, PO Box 474, Wilberforce, Ohio 45384.

13.

Defendant AME may be served with process through its President Gregory G.M. Ingram at its Registered Office at 3801 Market Street, Suite 300, Philadelphia, Pennsylvania, 19104.

14.

At all times mentioned herein, before and after, the persons responsible for perpetrating Plaintiff's discriminatory actions were agents, servants and employees of Defendant Payne and Defendant AME and were at all such times acting within the scope and course of their agency and

employment, and/or the actions were expressly authorized by Defendant Payne and Defendant AME and/or their actions were ratified by Defendant Payne and Defendant AME, thus making Defendant Payne and Defendant AME liable for said actions.

15.

At all relevant times to the facts set forth in this Complaint, Defendant Payne and Defendant AME were acting as joint employers in either a joint venture capacity and undertaking to execute a common business purpose with a mutual right of control; operation; integrated enterprise; or were successors in interest.

## **CLAIMS FOR RELIEF**

### **COUNT I - 42 U.S.C. § 1981 and Title VII RACE DISCRIMINTATION**

16.

Plainitff began working for Defendants on or about May 1, 2019, as an administrative assistant.

17.

Plaintiff was last employed in the position of IT Director.

18.

During Plaintiff's tenure with Defendants, Plaintiff was well qualified for the positions that she held and was never written up or received any discipline until she was terminated on October 20, 2023.

19.

Plaintiff is of the Hispanic race and her national origin is Colombian.

20.

Defendant Payne is a historically Black seminary school with an office location in Savannah, Georgia where Plaintiff worked.

21.

Defendant Payne's workforce is predominately African American.

22.

Plaintiff was the only Hispanic in the office where she worked in Savannah.

23.

Plaintiff was the only Colombian in the office where she worked in Savannah.

24.

Defendants subjected Plaintiff to discrimination on the basis of her race and national origin.

25.

Similarly situated African Americans in her same or similar position were being paid substantially more than she was.

26.

Plaintiff had similar experience as her African American coworkers who were paid more than she was. The only other difference between Plaintiff and them was her race.

27.

Plaintiff was paid substantially less than her similarly situated African American coworkers.

28.

Plaintiff was told by her immediate supervisor - Dr. Daniel Stevenson - that unfortunately people like her from Colombia or Mexico here in the United States do not have good opportunities.

29.

Plaintiff was discriminatorily excluded from meetings based on her race.

30.

Defendants' actions in subjecting Plaintiff to different terms and conditions of employment based on race constitutes unlawful discrimination on the basis of race and national origin in violation of 42 U.S.C. section 1981 and Title VII.

31.

The effect of the conduct was to deprive Plaintiff of economic opportunities, and otherwise adversely affect Plaintiff's status as an employee, because of her race and national origin.

32.

As a direct and proximate result of these actions, Plaintiff has been made a victim of acts that adversely affected her psychological and physical well-being.

33.

As a direct and proximate result of Defendants' unlawful employment practices, Plaintiff has been embarrassed, humiliated and has suffered damage to her emotional health, and has lost back pay and front pay.

34.

Defendants have willfully and wantonly disregarded Plaintiff's rights, and Defendants' discrimination against Plaintiff was undertaken in bad faith.

**COUNT II - 42 U.S.C. § 1981 and TITLE VII RETALIATION**

35.

On and before September 27, 2023, on several different occasions, Plaintiff engaged iin protected activity under the law when she complained to her immediate supervisor - Dr. Daniel Stevenson - that she was being discriminated against in terms of pay and terms and conditions of employment because of her race and national origin.

36.

During the September 27, 2023 meeting, Plaintiff told Dr. Stevenson that she was going to talk to the Financial Director about the pay disparity.

37.

During the September 27, 2023 meeting, Dr. Stevenson told Plaintiff in no uncertain terms that if she did talk to the Financial Director about the pay disparity, that it would end up costing her her job.

38.

On or about September 2023, Plaintiff again enaged in protectec activity when she complained to President, Dr. Michael Joseph Brown about the pay disparity.

39.

Defendants were aware that Plaintiff claimed that she was being discriminated against in terms of pay and terms and conditions of employment because of her race and national origin.

40.

Plaintiff was told by Dr. Stevenson that unfortunately people like her from Colombia or Mexico here in the United States do not have good opportunities.

41.

In Plaintiff's position, Plaintiff had access to salary related information.

42.

Dr. Stevenson requested Plaintiff to provide him with certain salary-related information.

43.

Plaintiff complied with the directive from Dr. Stevenson and provided him with the information that he requested.

44.

Less than a month after her protected activity, on October 20, 2023, Plaintiff suffered an adverse employment action when she was told by Dr. Brown, that she was being terminated.

45.

Defendants pretextually claimed that the termination was because she provided Dr. Stevenson with the information he requested.

46.

Defendants retaliated against Plaintiff after she engaged in protected activity and pretextually denied her opportunities for employment on the basis of her having lodged complaints of discrimination internally with her employer(s).

47.

Defendants' retaliatory acts were taken in terminating her and their reasons given for doing what she was told to do by her supervisor are a pretext designed to hide their retaliatory motive.

48.

Defendants willfully and wantonly disregarded Plaintiff's rights, and Defendants' retaliation against Plaintiff was undertaken in bad faith. As a result of Defendants' retaliatory actions against Plaintiff, she has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities. Plaintiff is entitled to damages under the law.

## COUNT III
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964: SEXUAL HARASSMENT/ GENDER DISCRIMINATION

49.

Around approximately the same time as Plaintiff made her protected complaints in September 2023, Dr. Stevenson began to make proposals to her to go out with him.

50.

On or about September 2023, Dr. Stevenson subjected Plaintiff to unwanted physical touching.

51.

On or about September 2023, Dr. Stevenson asked Plaintiff to hug him.

52.

On or about September 2023, Dr. Stevenson told Plaintiff that he loved her very much.

53.

Plaintiff immediately told Dr. Stevenson to not do these things and that it made her very uncomfortable, but he just laughed at Paintiff.

54.

Plaintiff worked at the Savannah office location of Defendant Payne and there was no human resources department that Plaintiff was aware of.

55.

Plaintiff was not aware of any reporting policy regarding reporting this sexual harassment to Defendants.

56.

Based on the timing of the sexual advances, it is apparent that the sexual advances were directly related to her request for a raise.

57.

Defendants' actions in subjecting Plaintiff to hostile working environment and quid pro quo sexual harassment described above constitute unlawful discrimination on basis of Plaintiff's gender in violation of Title VII.

58.

Defendants willfully and wantonly disregarded Plaintiff's rights, and the discrimination against Plaintiff was undertaken in bad faith.

59.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity, and to otherwise adversely affect her status as an employee because of her gender.

60.

As a direct and proximate result of Defendants' violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected her psychological and physical well-being.

61.

Plaintiff's protected characteristic was the motivating factor in Defendants' decision to terminate Plaintiff.

62.

Accordingly, Defendants are liable for the damages Plaintiff has sustained as a result of Defendants' unlawful discrimination and retaliation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered in her favor awarding the following relief:

A. Enter judgment awarding Plaintiff compensatory damages, including general damages for mental and emotional suffering caused by Defendants;

B. Punitive damages based on Defendants' willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

C. Damages for lost wages and benefits and prejudgment interest thereon;

D. Reasonable attorneys' fees and expenses of litigation;

E. Trial by jury as to all issues;

F. Prejudgment interest at the rate allowed by law;

G. Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendants from further unlawful conduct of the type described herein; and

H. Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted the 20th day of December, 2024.

**CHARLES HERMAN LAW**

/s/ Charles Herman
Charles Herman
Georgia Bar No. 142852
*Attorney for Plaintiff*

127 Abercorn Street, Suite 208
Savannah, Georgia 31401
(912) 244-3999
(912) 257-7301 Facsimile
charles@charleshermanlaw.com