UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| PAULA BOYD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV424-282 |
| | ) | |
| PAYNE THEOLOGICAL SEMINARY OF WILBERFORCE, OHIO, and AFRICAN METHODIST EPISCOPAL CHURCH, INC., | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

Plaintiff has filed a Motion to Seal seeking leave to file a "Motion to Enforce Agreement" under seal. Doc. 36. The sealing request is based on the confidentiality of "an agreement" between the parties, presumably the agreement underlying the Motion to Enforce Agreement. *Id.* at 1. However, the Court still must determine whether sealing is appropriate, since "the parties to a lawsuit lack the authority to determine which documents outweigh the public's common law right of access." *Usry v. EquityExperts.org, LLC*, 2020 WL 9127714, at *2 (S.D. Ga. Apr. 13, 2020) (citing *Wilson v. Am. Motors Corp.*, 759 F.2d 1568, 1571 (11th Cir. 1985)).

The Eleventh Circuit has explained that "[t]he operations of the courts and the judicial conduct of judges are matters of utmost public concern and the common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (internal quotation marks omitted) (quoting *Landmark Commc'ns, Inc. v. Virginia*, 435 U.S. 829, 839 (1978), and *Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001)). "[T]he common-law right of access includes the right to inspect and copy public records and documents." *Chi. Tribune Co.*, 263 F.3d at 1311 (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (referencing specifically the right to inspect and copy "judicial records and documents.")). "Material filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access." *Romero*, 480 F.3d at 1245. The Eleventh Circuit recently reaffirmed this standard, finding that the public right of access is presumed for "judicial records," which include "documents filed with pretrial motions that require judicial resolution of the merits of an action." *Callahan v. United Network for Organ Sharing*, 17 F.4th 1356,

1363 (11th Cir. 2021) (internal citation and quotations omitted). The Motion to Enforce Agreement is a judicial record subject to the public's right of access. *Cf. Bass v. M/V Sar Isfjord*, 2024 WL 4182920, at *4 (S.D. Ala. Sept. 12, 2024) ("[T]he motion to enforce settlement requires judicial resolution on the merits and is, therefore, subject to the common-law right of access to judicial records . . . .").

A party can overcome the common-law right of access by a showing of good cause. *Callahan*, 17 F.4th at 1363. A good cause determination "requires balancing the asserted right of access against the other party's interest in keeping the information confidential." *Romero*, 480 F.3d at 1246 (internal quotation marks and alterations omitted) (quoting *Chi. Tribune Co.*, 263 F.3d at 1309). In weighing these competing interests, the Court considers "a number of important questions," which the Eleventh Circuit discussed in *Callahan*:

> [W]hether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents. Concerns about trade secrets or other proprietary information, for example, can overcome the public interest in access to judicial documents. Indeed, a court should consider whether the

3

records are sought for such illegitimate purposes as to promote public scandal or gain unfair commercial advantage.

*Callahan*, 17 F.4th at 1363 (internal quotation marks and citations omitted). The decision of whether good cause exists rests with the sound discretion of the district court, is based on the "nature and character of the information in question," and "should be informed by a sensitive appreciation of the circumstances that led to the production of the particular document in question." *Chi. Tribune Co.*, 263 F.3d at 1311 (quoting *Nixon*, 435 U.S. at 603) (internal quotation marks and alterations omitted), 1315.

Plaintiff's sole reason for seeking leave to file her Motion to Enforce Agreement under seal is "to assure [her] continued compliance with all terms of the agreement." Doc. 36 at 1. However, as indicated above, the parties' confidentiality agreement is not enough. *See Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992) ("It is immaterial whether the sealing of the record is an integral part of a negotiated settlement agreement between the parties, even if the settlement comes with the court's active encouragement. Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case."); *Eiqenberer v. Tokyo Statesboro GA, LLC*, 2018 WL

2065942, at *2 (S.D. Ga. May 3, 2018) ("[T]he Court needs far more than the parties' agreement that the settlement agreement should be sealed."). A review of the proposed sealed Motion to Enforce Agreement, submitted for *in camera* review, does not reveal any material that would, without further information or argument, justify sealing.  As the Eleventh Circuit has explained, while "[t]here is no question that courts should encourage settlements . . . the payment of money to an injured party is simply not 'a compelling governmental interest' legally recognizable or even entitled to consideration in deciding whether or not to seal a record." *Wilson*, 759 F.2d at 1571 n. 4.  Therefore, the Motion to Seal does not sufficiently justify filing the Motion to Enforce under seal.  Plaintiff may renew her request to file the Motion under seal, but she must provide additional information and argument to support the requisite good cause finding.  For now, the Motion is **DENIED**.  Doc. 36.

    **SO ORDERED**, this 5th day of November, 2025.

_/s/ Christopher L. Ray_
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA